UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THURMAN SHERRILL,<br><br>    Petitioner,<br><br>v.<br><br>PATRICK GLEBE,<br><br>    Respondent. | CASE NO. C09-5566RJB<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for October 16, 2009 |

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Petitioner in this case is an inmate at the Stafford Creek Correction Center, Washington. Petitioner has filed an application to proceed in forma pauperis. (Doc. 1) However, because petitioner has paid the $5.00 filing fee, the Court should deny the application.

**DISCUSSION**

The district court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. See 28 U.S.C. § 1915(a). The court has broad

REPORT AND
RECOMMENDATION - 1

discretion in denying an application to proceed in forma pauperis. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

Several district courts have ruled that denial of in forma pauperis status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit. *See* Temple v. Ellerthorpe, 586 F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v. Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357 F.Supp. 825 (D.Kan. 1973), *aff'd*, 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D. 639 (M.D.Pa. 1974).

By requesting the court to proceed in forma pauperis in the present case, petitioner is asking the government to incur the filing fee because he is allegedly unable to afford the costs necessary to proceed with his petition for habeas corpus. In contrast to the claim that petitioner cannot afford the filing fee, on September 15, 2009, the court clerk received the required fee from petitioner and issued petitioner a receipt. Given the minimal fees required to proceed with this action ($5.00 filing fee) and the fact that petitioner paid the filing fee, it is reasonable to deny petitioner's application for in forma pauperis status.

**CONCLUSION**

Because it is reasonable to expect petitioner, given his financial status, to incur the costs to proceed with his petition, I recommend that the Court deny his pending applications for in forma pauperis status.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the

time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on October 16, 2009, as noted in the caption.

Dated this 21st day of September, 2009.

J. Richard Creatura
United States Magistrate Judge

REPORT AND
RECOMMENDATION - 3