1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THURMAN SHERRILL,

                       Petitioner,

     v.

PATRICK GLEBE,

                       Respondent.

No.  C09-5566RJB/JRC

REPORT AND RECOMMENDATION

NOTED FOR:
May 14, 2010

The underlying Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636 (b) (1) (A) and 636 (b) (1) (B), and Local Magistrate Judge's Rule MJR3 and MJR4. Petitioner is proceeding in forma pauperis.  Petitioner challenges his 2003 Pierce County convictions and 296 month sentence.  He was convicted of first degree assault and unlawful possession of a firearm. Petitioner has six prior convictions, which resulted in a high offender score, and thus, a longer sentence.

Report and Recommendation -1

After careful review of the record, the court has determined that Mr. Sherrill is not entitled to relief.  Mr. Sherrill's claim that he was not effectively assisted by counsel is without merit.  Counsel took reasonable steps to find and interview witnesses and performed in all respects within the range of acceptable practice.  Mr. Sherrill's claim that his right to testify was violated is similarly without merit as there is no evidence to show that his counsel actually prevented him from testifying.  His claim regarding newly discovered evidence is time barred.  Further, the evidence he seeks to introduce, contrary to his assertions, does not show that he is innocent.

<u>Factual History</u>

The Washington Court of Appeals summarized the facts of Mr. Sherrill's crime and his 2003 trial as follows:

> On September 10, 2002, Warren Blockman lived in the Sunrise Apartments in Tacoma. Around midnight, as Blockman spoke with Robert Smith in the apartment parking lot, they became suspicious of a white Jeep Cherokee that twice entered and left the parking lot. Blockman retrieved a gun out of his car, a Ford Navigator.

> The Jeep returned to the parking lot, and Christopher Parker got out of it. As Blockman and Parker were long-time friends, Blockman initially relaxed. The three men started talking. Parker told Blockman and Smith that a Mexican man had run through the parking lot with his money.

> Blockman then heard movement in the bushes and watched Sherrill emerge holding a gun. Pointing his gun at Blockman, Sherrill asked him, "Why you hate me over a female?" V Report of Proceedings (RP) at 27. Parker also pointed his gun at Blockman. When Blockman realized that he had two guns on him, he dropped his weapon. Smith ran away.

> Sherrill told Blockman to get into the Jeep, but Blockman refused and backed away. Sherrill shot Blockman once as Blockman walked backwards and then another four or five times as he ran up Portland Avenue.

> Police arrived at approximately 1:35 A.M. Officer Jennifer Kramer arrived first at the scene.  In her trial testimony, she described Blockman's injuries:

Report and Recommendation -2

> He was bare chested and he had – his pants were wrapped down around his ankles, and they were soaked in blood and he had a bloody towel wrapped around his waist.

. . .

> He had what appeared to be a through and through bullet wound. So it would have entered and exited, and you could see the enter [sic] and exit wound[s] to the upper right bicep [sic] area. He had two like grazing wounds, they were like furrows, fairly parallel, and they were on the right side of his rib cage, and then there was an entrance wound to his lower left hip or buttock area, but no exit would.

III RP at 68-69. Blockman later identified Sherrill as his assailant.

On October 4, 2002, the State charged Sherrill with first degree assault with a firearm enhancement (count I) and first degree unlawful possession of a firearm (count II).

The matter proceeded to trial, where the State introduced a surveillance video recorded by the apartment manager. It showed portions of the parking lot.

Additionally, the State called Alicia Brookshire. Brookshire testified that she was married to Leonard Masten and that Masten owned a white Jeep Cherokee. She further stated that Sherrill and Masten were "associates." V RP at 75. When the State asked if she was "aware whether or not there had been exchanges of vehicles between your husband and the defendant," she responded, "I didn't see that, so I can't really say that I – that I knew or I didn't know." V RP at 70.

The State questioned Brookshire about her interview with Detective John Ringer. She responded that she could not remember.

Later, the State called Ringer to the stand. Over defense counsel's objection, the trial court allowed the detective to testify about a vehicle registration check on Masten.  His investigation revealed that Masten owned a white Jeep Cherokee. Ringer spoke with Masten several times. .

Again over defense counsel's objection, the detective testified about his interview with Brookshire. She informed him that on September 7, 2002, she and her husband had a fight. Masten left the house in the Jeep Cherokee but returned in Sherrill's red Mustang. Brookshire believed that Masten exchanged the Mustang for the Jeep on either September 11 or September 12, 2002, "sometime in the morning hours." VI RP 34-35. Finally, Brookshire said that "It was real common for Leonard Masten and Thurman Sherrill to trade vehicles during the previous year." VI RP at 35.

Report and Recommendation -3

(Dkt. #15, Exhibit 5, pages 1 to 4[footnotes deleted]).  The record reflects that in addition to these facts, Mr. Parker entered into a deal with the prosecution and testified that Mr. Sherrill shot Mr. Blockman.  In exchange for his testimony he was allowed to plead to third degree assault (Dkt. # 15, Exhibit 2, page 10 to 14).  In addition, Warren Blockman testified that he was shot by Mr. Sherrill (Dkt. # 15, Exhibit 2, page 4 to 8).

<u>Procedural History</u>

A direct appeal was filed and petitioner raised the following issues for review:

1)    Did the trial court err by giving Instruction No. 30 on the firearm enhancement, where the instruction did not include a "nexus" element, constructive possession is the "law of the case" by virtue of Instructions No. 24 and 25 and the prosecutor's closing arguments, and the instruction relieved the State of its burden of proving the nexus between the firearm and the crime, an essential element of the crime?

2)    Did the trial court err by allowing the State to impeach Alicia Brookshire with substantive testimony of her interview with Detective Ringer, where her credibility was not a fact of consequence, and the facts she denied recalling are not details material to the case?

3)    Did cumulative instances of prosecutorial misconduct deny appellant a fair trial, where the prosecutor: (1) improperly vouched for the credibility of the State's witnesses; (2) misstated the law; and (3) improperly referenced evidence outside the record?

(Dkt. # 15, Exhibit 2).  Petitioner filed a statement of additional grounds where he raised the following issues:

ADDITIONAL GROUND NO. 1
Sherrill's Judgment And Sentence Should Be Vacated Because He Was Denied His Constitutional Right To Due Process, Because His Right To A Speedy Trial Was Violated Due To The State's Failure To Provide Discovery And The State's Mismanagement Of His Case.

ADDITIONAL GROUND NO. 2

Report and Recommendation -4

Refusing To Instruct the Jury On Third Degree Assault Violated Sherrill's
Constitutional Right To A Jury Trial, And His Due Process Right Regarding
Lesser Included Instructions.

ADDITIONAL GROUND NO. 3
Sherrill's Constitutional Right To Confrontation Under the Sixth Amendment
And State Law Was Violated Due To The Trial Court's Failure To Allow Him To
Cross-Examine State Witnesses Concerning Their Biases.

ADDITIONAL GROUND NO. 4
Sherrill's Assault In The First Degree Must Be Vacated And Dismissed, Because
The Trial Court Erred By Allowing The State To Improperly Instruct The Jury On
The Definition Of "Intent," An Essential Element.

ADDITIONAL GROUND NO. 5
The Trial Court Failed To Determine Whether Sherrill's Two 1990 Pierce County
Prior Convictions Constituted The Same Criminal Conduct As Required By Law.

ADDITIONAL GROUND NO. 6
The Videotape And The CD's Made From It Were Not A Fair Or Accurate
Representation Of The Incident. They Should Have Been Excluded. It Was
Further Egregious Cumulative Error To Permit Repeated Replaying Of The Tape.

ADDITIONAL GROUND NO. 7
Sherrill Was Denied Due Process And A Fair Trial To The Cumulative Errors At
Trial.

(Dkt. # 15, Exhibit 3).  The Washington State Court of Appeals affirmed the conviction on April

25, 2005(Dkt. # 15, Exhibit 5).  Petitioner filed a petition for discretionary review with the

Washington State Supreme Court in which he raised the following issues:

>    1.      In <u>Davis v. Alaska</u>, 415 U.S. 308, 315, 94 S.ct (sic) 1105, 1109 39 L.Ed.2d
>    347 (1974), the United States Supreme Court held that, the right to confront
>    witnesses guaranteed by the Sixth Amendment and Fourteenth Amendments (sic)
>    includes the right to cross-examination to show their possible bias or self interest
>    in testifying.
>
>    In <u>Burr v. Sullivan</u>, 618 F.2d 583, 586 (9th Cir 1980), Ninth Circuit reaffirmed
>    that it is axiomatic that defendants have a right to confront witnesses. It is also
>    true that a witness's potential motives for testifying is a relevant inquiry.
>
>    Does a Trial Judge have the right to limit cross-examination of the State's witness
>    when there is clear evidence of motive and bias to testify?

Report and Recommendation -5

2.      In the Court of Appeals decision on this matter, the Court decision on this matter, the Court cites to <u>State v. Kilgore</u>, 107 Wn. App. 243 160, 185, 26 P.3d 308 (2001), Affirmed 147 Wn.2d 288 (2002), as holding in its decision citing "A trial court 'may reject lines of questions that only remotely tend to show bias or prejudice.'"

However, in <u>In Re Garrett</u>,No 37293-9-1 Wash. App. (Div 1 4/28/1997) Division One Court Of Appeals ruled that the ommission (sic) of cross-examination of the State's witness's pending charges is a clear abuse of discretion when the testimony offered would show bias and motivation. Does the trial court in fact abuse its discretion when it limits cross-examination to show motive for testifying?

(Dkt. # 15, Exhibit 6).  The Supreme Court denied review on November 30, 2005(Dkt. # 15, Exhibit 7).

Petitioner filed his first Personal Restraint Petition PRP, on September 13, 2006. He raised the following issues:

MR. SHERRILL WAS DENIED HIS SIXTH AMENDMENT CONSTITUTION GUARANTEED RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS COUNSEL FAILED TO INTERVIEW A KEY EYEWITNESS.

1.      Counsel was ineffective when she failed to interview and subpoena Anastasia McKinley, the 911 caller and crucial key eye witness who saw a possible different shooter.

2.      Defense Counsel violated petitioner's Sixth Amendment and Art I. § 22(amend 10) Constitutional right to Compulsory process by failing to subpoena a exculpatory crucial key eyewitness to testify.

3.      Defense Counsel was ineffective when she failed to present a theory of the defense.

4.      Counsel violated Mr. Sherrill's right to testify when refused to allow him to testify to his version of the event.

5.      WHEN THE PETITIONER RECEIVED THE INEFFECTIVE ASSISTANCE PRIOR TO, AT THE TIME AND SUBSEQUENT TO HIS TRIAL FOR THE OFFENSE OF ASSAULT IN THE FIRST DEGREE, DUE TO THE CUMULATIVE PREJUDICE AS A RESULT OF COUNSEL'S INEFFECTIVENESS IN VIOLATION OF THE

Report and Recommendation -6

FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS OF THE
CONSTITUTION OF THE UNITED STATES?

(Dkt. # 15, Exhibit 8).  Petitioner also filed a CrR 7.8 motion to modify his judgment and

sentence in Superior Court.  The motion was transferred to the Washington Court of Appeals to

be treated as a supplement to the PRP.  The state objected and the CrR7.8 motion was handled

as a new, second PRP.  In the CrR7.8 motion petitioner raised the following issues:

1.  MR. SHERRILL'S DUE PROCESS RIGHTS WERE VIOLATED
WHEN HE WAS SENTENCED BASED ON AN OFFENDER SCORE
WHICH INCLUDED POINTS FOR ONE PRIOR CONVICTION
WHICH WERE [sic]CONSTITUTIONALLY INVALID ON ITS FACE.

2.  BASED ON THE STATUTORY CONSTRUCTION OF THE
LANGUAGE OF STATUTORY MAXIMUM IT NO LONGER MEANS
THE MAXIMUM SENTENCE PROVIDED BY THE LEGISLATURE
FOR A CERTAIN OFFENSE BUT MEANS THE TOP OF THE
STANDARD RANGE.

3.  MR. SHERRILL'S MOTION CANNOT BE DEEMED AS A
SUCCESSIVE PETITION OR AN ABUSED WRIT SINCE THE
ISSUES HEREIN ARE NEW ISSUES AND NEVER BEEN
DETERMINED ON THE MERITS.

4.  THE ISSUES HEREIN RAISED BY MR. SHERRILL CANNOT BE
DEEMED AS BEING TIME-BARRED SINCE MR. SHERRILL'S
JUDGEMENT AND SENTENCE ON THIS CURRENT CONVICTION
ISN'T FACIALLY VALID.

5.  IT WOULD BE AN ABUSE OF DISCRETION FOR THIS COURT TO
TRANSFER THIS MOTION TO THE APPELLATE COURTS
TREATING THIS MATTER AS A PERSONAL RESTRAINT
PETITION WHEN ALL EVIDENCE IS ACCESSIBLE FOR THIS
COURT'S REVIEW AND THIS COURT HAS THE JURISDICTION
AND SUBJECT MATTER OVER THE PARTIES AND THE ISSUES
AT BAR.

(Dkt. # 15, Exhibit 9).  The first PRP, was denied August 29, 2008 (Dkt. # 15, Exhibit

12).  In the petition for discretionary review petitioner raised the following issues, which

are quoted in detail below:

Report and Recommendation -7

1)  It is well established that counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. <u>Strickland v. Washington</u>, 466 US 668, 691 (1984). In <u>State v. Visitacion</u>, 55 Wn. App.166, 776 P.2d 986 (1989), trial counsel failed to call or interview two witnesses who were listed in the police reports, made police statements which were helpful to the defense, and who the defendant had asked his counsel to contact. The courts have repeatedly found that a lawyer who fails adequately to investigate, and to introduce into evidence, [EVIDENCE] that demonstrates his clients factual innocence, or that raises sufficient doubt as to the question to undermine confidence in the verdict, renders deficient performance. In <u>Sanders v. Ratelle</u>, 21 F.3d 1446, 1457 (9th Cir. 1994) (finding defense counsel's performance deficient because he failed to investigate or introduce at trial evidence implicating his clients brother).

<u>Avila v. Galaza</u>, 297 F.3d 911, 919 (9th Cir. 2002) (holding that counsel's failure to investigate evidence that defendants brother was the shooter constituted deficient performance.

<u>Hendricks v. Vasquez</u>, 974 F.2d 1099, 1110 (9th Cir. 1992) (Assuming the performance was deficient, we cannot determine, without the benefit of an evidentiary hearing, whether that performance had any probable effect on the outcome).

Here the court of appeals dismissed Sherrills' petition, stating Sherrill has not demonstrated that his attorney did not take reasonable steps to procure McKinley's testimony, or that her performance caused him prejudice.

2)  Effective representation requires counsel to conduct appropriate investigations to determine what "defenses were available," adequately prepare for trial, or subpoena necessary witnesses. <u>State v. Maurice</u>, 79 Wn.App 544, 552, 903 P.2d 514 (1995).

In <u>Foster v. Lockhart</u>, 9 F.3d 722 (8th Cir. 1993) the Courts held that counsel was ineffective when he refused to investigate and present evidence, that defendant In a rape-trial was impotent, and physically incapable of committing the crime as the accuser testified.

In <u>Bean v. Calderon</u>, 163 F.3d 1073, 1079 (9th Cir. 1998) (failure to develop penalty phase presentation is a deficiency in "trial preparation;" not trial strategy.) cert denied, 528 US 922 (1999).

Court of Appeals denied petitioner's claim of failure to present a defense theory, stating that counsel did present a theory which was that the state failed to meet its burden of proof because the two witnesses, Blockman

and Parker, were not credible and the surveillance video tape did not corroborate the testimony, and stated that counsel also urged the jury to find Sherrill guilty of the lesser included offense, second degree assault, if anything, stating that this was not ineffective of counsel.

3) A criminal defendant has a constitutional right to testify on his own behalf. <u>Rock v. Arkansas</u>, 483 US 44, 51-52, 107 S. Ct. 2704, 97 L.Ed.3d 37 (1987). <u>State v. Robinson</u>, 138 Wn.2d 753, 770, 982 P.2d 590 (1999).

In <u>Robinson I</u>, the Washington Supreme Court held that deprivation of a defendant's right to testify may give rise to a chain[claim] of ineffective assistance of counsel under <u>Strickland v. Washington</u>, 466 US 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); <u>Robinson</u>, 138 Wn. 2d at 765-66. Upon showing that counsel actually prevented him from testifying at trial, a defendant has the right to an evidentiary hearing to determine an ineffective assistance claim. <u>Robinson</u>, 138 Wn.2d at 769.

This claim was denied because the court of appeals stated that petitioners bare allegation that his counsel prevented him from testifying is insufficient to justify an evidentiary hearing or relief, and he must also be able to demonstrate that his allegation is credible. Citing <u>Robinson</u>, 138 Wn.2d at 760 (discussing <u>State v. Thomas</u>, 128 Wn.2d 553 (1996) (holding that although a defendant who does not raise the issue at trial may later assert his counsel prevented him from testifying, the defendant must "produce more than a bare assertion that the right was violated; the defendant must present substantial, factual evidence in order to merit an evidentiary hearing or other action.)

4) Our Ninth Circuit Court have[sic] stated that "Even if no single error were[sic] sufficiently prejudicial, where there are several substantial errors, their cumulative effect may nevertheless, be so prejudicial as to require reversal." <u>Killian v. Poole</u>, 282 F.3d 1204, 1211 (9th Cir. 2002); <u>Acala v. Woodford</u>, 334 F.3d 862, 893 (9th Cir. 2003); <u>Sims v. Brown</u>, 425 F.3d 560 (9th Cir. 2005) (citing <u>Harris v. Wood</u>, 64 F.3d 1432, 1438 (9th Cir. 1995) (by finding cumulative prejudice, we obviate the need to analyze the individual prejudicial effect of each deficiency. But by no means do we rule out that some of the deficiencies were individuals were individually prejudicial.)

Court of Appeals stated there is no error to accumulate, this doctrine does not apply. Citing <u>State v. Hodges</u>, 118 Wn.App 668, 673 (2003).

Report and Recommendation -9

1  (Dkt. # 15, Exhibit 13)  The Washington State Supreme Court Commissioner denied the motion

2  for review (Dkt. # 15, Exhibit 14).  Petitioner moved to modify the ruling and the court denied

3  that motion (Dkt. # 15, Exhibits 14 and 15).

4       In May of 2007, Petitioner filed a motion to vacate the judgment in Superior Court which

5  was transferred to the Washington Court of Appeals and was considered as a second PRP.  He

6  raised the following issues for relief, which are quoted in detail below:

7

8       The Washington Superior Court Criminal Rules allows for relief from a
   judgment or order based upon newly discovered evidence. CrR 7.8(b) (2).

9  A convicted person is entitled to a new trial under CrR 7.8(b) (2) on the basis of
   newly discovered evidence if the person demonstrates that the evidence (1) will

10 probably change the result of the trial; (2) was discovered since the trial; (3) could
   not have been discovered before trial by the exercise of due diligence; (4) is

11 material; and (5) is not merely cumulative or impeaching. State v. Macom, 128,
   (sic) Wn.2d 784, 803-04, 911 P.2d 1004 (1996); State v. Williams, 96 Wn.2d 215,

12 223, 634 P.2d 868 (1981); United States v. Cervantes, 542 F.2d 773, 779 (9th Cir.
   1976). The absence of any one of these five factors justifies denial of a new trial.

13 State v. Swan, 114 Wn.2d 613, 642, 790 P.2d 610 (1990). The decision to deny a
   motion for a new trial based on newly discovered evidence rests within the sound

14 discretion of the trial court, it will not be reversed except for an abuse of that
   discretion. Id.

15

16 When newly discovered evidence indicates that a government witness committed

17 perjury at trial, rather than requiring a defendant to show that acquittal would
   result, courts have required only that the defendant demonstrate that an acquittal

18 might or possibly would result upon a new trial. United States v. Krasny, 607 F.2d
   840 (9th Cir. 1979).

19

20 First, "in passing upon the question whether newly discovered evidence will
   probably result in a different outcome upon retrial, the trial court must of

21 necessity pass upon the credibility, significance and cogency of the proffered
   evidence." State v. Peele, 67 Wn.2d 724, 409 P.2d 663 (1966); St v. Barry (sic),

22 25 Wn.App. 751, 758, 611 P.2d 1262 (1988); United States v. Steel, 458 F.2d
   1164 (10th Cir. 1972).

23

24 Confessions to friends and relatives were admissible, in the course of non-
   custodial conversations, where not blame-shifting and were self-inculpatory.

25 Denny v. Gundmanson, 252 F.3d 896, 903 (7th Cir. 2001).

26

Report and Recommendation -10

(Dkt. # 15, Exhibit 17).  The second PRP was dismissed by the Washington State Court of Appeals as untimely (Dkt. # 15, Exhibit 19).  The court held petitioner had failed to show he acted diligently.  Petitioner moved for discretionary review and raised the following issues, which are quoted in detail below:

> 1.   In State v. Slanaker, 58 Wn.App. 161, 167, 791 P.2d 575 (1990), the testimony of a witnesss (sic) who was known to a criminal defendant before the trial can qualify as "newly discovered evidence" under CrR 7.8(b) (2) if the witness could not be located before trial with exercise of due diligence.
>
> Federal courts have reached the same results. In Amos v. United States, 218 F.2d 44 (DC Cir. 1954) the court impliedly held that a witness who was known but could not be located before trial could provide "newly discovered evidence."
>
> Here the court of appeals dismissed petitioner's petition, stating that Sherrill does not allege that the information in McKinley's declaration could not be procured at trial. Rather, he alleges that McKinley was available, and would testify on his behalf, but his attorney failed to contact her. Because Sherrill fails to show facts supporting reasonable diligence in discovering this evidence, his petition is time-barred.
>
> But the facts testified to by John Ringer and the facts submitted by Petitioner's defense counsel at the time of trial the Affidavit of Mary K. High establishes reasonable diligence, in discovering this evidence.
>
> 2.   A claim based on newly discovered evidence is grounds for a new trial if the petitioner establishes that the evidence (1) will probably change the result of the trial; (2) "was discovered since the trial"; (3) could not have been discovered before trial by the exercise of due diligence; (4) is material; and (5) is not merely cumulative or impeaching. In re Pers. Restraint of Brown, 143 Wn.2d 431, 21 P.3d 687 (2001).
>
> In State v. Adamson, 542 N.W.2d 12, at 14 (Iowa Ct. App. 1995), the newly discovered evidence presented proof of other facts not known at the time of trial, Adamon (sic), 542 N.W.2d 12, at 14.
>
> Here the court of appeals dismissed petitioners petition as being time barred stating that Sherrill alleges only that he received information form (sic) Eric Franklin in April 2007 and submitted his petition in May 2007. He does not discuss, however, whether Franklin was a known witness

Report and Recommendation -11

during trial and, it so, whether he tried to locate him and procure his testimony.

But the facts in petitioners affidavit (Attached to the original petition), the facts in Eric Franklin's Affidavit (attached to the original petition), and the facts in petitioners reply brief makes clear that Mr. Franklin was unknown to petitioner, the prosecutor, and defense counsel at the time of trial. And this was overlooked by the court of appeals.

(Dkt. # 15, Exhibit 20).  The Supreme Court denied the second PRP as time barred (Dkt. # 15, Exhibit 14).

Mr. Sherrill then filed the federal habeas corpus petition that is now before this court.  He raises the following issues:

[1]   RIGHT TO CONFRONTATION TO WITNESSES: LIMITATIONS ON CROSS-EXAMINATION

[2]   INEFFECTIVE COUNSEL FAILURE TO INVESTIGATE/FAILURE TO PRESENT A DEFENSE/RIGHT TO TESTIFY/CUMULATIVE ERROR

[3]   NEWLY DISCOVERED EVIDENCE

(Dkt. # 1).

## EVIDENTIARY HEARING NOT REQUIRED

If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing in this court shall not be held unless the applicant shows that: (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.  28 U.S.C. §2254(e) (2) (1996).

Report and Recommendation -12

Petitioner has not set forth any factual basis for his claims that could not have been previously discovered by due diligence.  Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, this court concludes that there is no reason to conduct an evidentiary hearing.

## **STANDARD OF REVIEW**

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension.  Engle v. Isaac, 456 U.S. 107 (1983).  Section 2254 explicitly states that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States."  28 U.S.C. § 2254(a) (1995).  The Supreme Court has stated many times that federal habeas corpus relief does not lie for mere errors of state law.  Estelle v. McGuire, 502 U.S. 62 (1991); Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984)

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts.  28 U.S.C. §2254(d).  Further, a determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. §2254(e) (1).

Report and Recommendation -13

# DISCUSSION

1.      *Exhaustion.*

A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights.  Duncan v. Henry, 513 U.S. 364 (1995).  In order to bring a ground for relief to this court, petitioner must have exhausted the claim at every level of appeal in the state courts.  Ortberg v. Moody, 961 F.2d 135, 138 (9th Cir. 1992).  It is not enough that all the facts necessary to support the federal claim were before the state courts.  Id. *citing* Picard v. Connor, 404 U.S. 270 (1971) *and* Anderson v. Harless, 459 U.S. 4 (1982).  The state courts must also be given the opportunity to rule before the federal court may rule on the petition.  A petitioner may not change his ground for relief and must present the claim on the same theory and basis in state and federal court.  Hudson v. Rushen, 686 F.2d 826, 829-30 (9th Cir. 1982), *cert. denied* 461 U.S. 916 (1983).

The ground for relief that the respondent contends is unexhausted is the argument that there is newly discovered evidence.  There are two pieces of evidence at issue -- an affidavit from Anastasia McKinley and an affidavit from Eric Franklin.  While the McKinley affidavit was placed before the court in the first PRP, Petitioner did not raised the claim that this was newly discovered evidence until his May 2007 motion under CrR 7.8.  The claim was treated as a second PRP and the PRP was specifically found to be time barred (Dkt. # 15, Exhibit 19).

2.      *Procedural Bar in federal court.*

When a state prisoner defaults on his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice, or show that failure to consider the claims will result in a fundamental miscarriage of justice.  Coleman v.

Report and Recommendation -14

Thompson, 501 U.S. 722, 750-51 (1991).  Federal habeas review is also barred where the petitioner has not exhausted state remedies but the state's highest court would now find the claim to be procedurally barred.  Coleman, at 733; Noltie v. Peterson, 9 F.3d 802, 805 (9th Cir. 1993).

In order to show "cause", petitioner must show that some objective factor external to the defense prevented him from complying with the state's procedural rule.  Coleman, at 752-53(citing Murray v. Carrier, 477 U.S. 478, 488 (1986)).  Prejudice exists if the alleged errors were of constitutional dimensions and worked to the defendant's actual and substantial disadvantage, infecting the entire trial with an error of constitutional dimensions.  United States v. Frady, 456 U.S. 152, 170 (1982).

Petitioner has not established that some factor external to the defense prevented him from complying with the state's procedural rules.  When a petitioner is prevented from exhausting his claim or complying with the state rule because of something external, i. e. prison officials stealing the briefing or refusing to mail it, a court reporter not providing the transcript, whatever it is that prevents him from complying, the exhaustion requirement may be waived and the court may not enforce the procedural bar.  Examples of the usual procedural bar cases are the state one-year statute of limitations, failure to prefect the record on appeal, or raising second or successive petitions.  It is the failure to follow any of the state rules that leads to the state court refusing to consider a ground for relief.

Mr. Sherrill filed a direct appeal, a motion for discretionary review, a timely personal restraint petition, a motion for review from denial of the petition, and a motion to modify the ruling denying review.  Petitioner's claim was not considered because he did not raise his newly discovered evidence claim when he first filed his PRP even though he had the affidavit of Anastasia McKinley.  By the time he raised the claim, it was time barred.  The state court also

Report and Recommendation -15

held petitioner had not shown diligence in obtaining the affidavit of Eric Franklin, and he did not show Franklin was unavailable at the time of trial.  Petitioner did not inform the state court what if any steps he had taken to investigate his claim prior to May of 2007.

No external factor played a part in the procedural default in this case.  Because petitioner has not met his burden of demonstrating cause for his procedural default, it is not necessary to determine whether he carried the burden of showing actual prejudice.  Cavanaugh v. Kincheloe, 877 F.2d 1443, 1448 (9th Cir. 1989) (*citing* Smith v. Murray, 477 U.S. 527, 533 (1986)).

In order for the court to waive the procedural bar and consider the claim, the petitioner must present reliable evidence to prove that there is a colorable claim that he was actually innocent.  If petitioner can make this showing, then there may have been a fundamental miscarriage of justice that caused petitioner prejudice and the petition would be considered.  To succeed on claim, the petitioner must do more than simply point to alleged inadequacies in the prosecution's evidence.  Renz v. Scott, 28 F.3d 431, 432-33 (5th Cir. 1994).  To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.  Calderon v. Thompson, 523 U.S. 538, 559 (1998)(citing Schlup v.Delo, 513 U.S. 298, 324 (1995)).  Petitioner has not presented a colorable claim of actual innocence.

McKinley's testimony was that she did not see the shooter, she heard shots, went outside, and saw someone who did does not fit the description of petitioner running and getting into a white vehicle.  This testimony is consistent with the state's theory of the case and the person getting into the car would have been Mr. Parker.  The testimony is also consistent with petitioner's version of the events, that Parker shot Blockman and then ran to the car.

Contrary to petitioner's argument, Eric Franklin's affidavit does not prove his innocence in the assault of Mr. Blockman.  It is uncontested that petitioner went with Mr. Parker and others

Report and Recommendation -16

to rob Mr. Blockman.  It is uncontested that petitioner was armed with a firearm.  The only contested issue is which of the robbers, Mr. Parker, or Mr. Sherrill did the shooting.  One would be guilty of assault as a principle and the other would be guilty as an accomplice.

Further, the information in the Franklin affidavit is hearsay and would not be admissible to show that Mr. Parker was the shooter.  Thus, petitioner has failed to come forward with reliable evidence not presented at trial.  <u>Calderon v. Thompson</u>, 523 U.S. 538, 559 (1998)(citing <u>Schlup v.Delo</u>, 513 U.S. 298, 324 (1995)).  The third ground for relief is procedurally barred.

3. *The Right to confrontation.*

Petitioner argues his right to cross examine Warren Blockman was limited and he was not allowed to inquire regarding pending charges or uncharged crimes.  A defendant has a right under the Sixth Amendment to confront witnesses.  However, that right has limits.  When the parties argued about limiting cross examination the state indicated it would specifically ask Mr. Blockman if any promises or threats had been made to influence his testimony (Dkt. # 15, Exhibit 30, pages 7 and 8).  The trial court allowed inquiry into the fact that Mr. Blockman smoked marijuana prior to the assault, but would not allow inquiry into pending charges in light of the denial that the witness had received any promises from the prosecutor (Dkt. # 15, Exhibit 30, pages 7 and 8).

The Washington State Court of Appeals considered this issue and held:

> Sherrill further contends that the trial court violated his right to confront witnesses when it limited his cross-examination of Blockman.  SAG at 20.

> After hearing argument, the trial court limited cross-examination of Blockman as follows:

> The prior ruling that I made was that there would be no discussion about the transaction or drug transaction between Blockman and anyone else.  I

Report and Recommendation -17

think the testimony has already come out about smoking the marijuana, and that's proper inquiry.

With regard to pending charges, I don't want any reference to pending charges or pending matters that have not been charged, and certainly it is appropriate – if Mr. Blockman indicates that he is a reluctant witness that's certainly proper inquiry, depending on the nature of his testimony and what he says.  I think that is [the] proper scope of cross-examination.

The Sixth Amendment of the United States Constitution and article I, section 22 of the Washington State Constitution afford a defendant the right to confront and fully cross-examine witnesses testifying against him. *State v. Clark*, 139 Wn.2d, 152, 157-58, 985 P.2d 377 (1999).

But the scope of cross-examination is a matter within the trial court's sound discretion.  *State v. King*, 113 Wn. App. 243, 289, 54 P.3d 1218 (2002), *review denied*, 149 Wn.2d 1015 (2003).  A trial court "may reject lines of questions that only remotely tend to show bias or prejudice."  *State v. Kilgore*, 107 Wn. App. 160, 185 26 P.3d 308 (2002), *aff'd*, 147 Wn.2d 288 (2002).  The trial court abuses its discretion if the decision is based on untenable grounds or unreasonable reasons. *State v. Gallagher*,   112 Wn. App. 601, 609, 51 P.3d 100 (2002), *review denied*, 148 Wn.2d 1023 (2003).

Sherrill argues that the trial court violated his constitutional right to confrontation when it limited his ability to cross-examine Blockman about his "bias and motivation to prevaricate." SAC at 22.  Because Blockman provided the sole eyewitness testimony about the identity of the shooter, Sherrill argues that "[t]he consideration that he would receive on pending and potential State and Federal charges in exchange for his testimony was of great significant [sic] and concern in Sherrill's case."  SAG at 21-22.

Here, Blockman said that Sherrill shot him four or five times, causing him significant pain and injury.  As the victim, any bias or prejudice Blockman held toward Sherrill could be exposed through examination regarding the incident.  Further, if Blockman presented as a "reluctant witness," the trial court stated that questions about pending charges and matters constituted "proper inquiry." V RP at 8. Accordingly, the trial court did not abuse its discretion in restricting the scope of Sherrill's cross-examination of Blockman.

(Dkt. # 15, Exhibit 5, pages 13 to 15).

The Washington State Court of Appeals has properly identified the relevant law and the holding of the court is not contrary to or an unreasonable application of clearly established federal law. The ground for relief is without merit.

Report and Recommendation -18

4.      *Ineffective Assistance of counsel.*

Petitioner alleges his counsel was ineffective in not taking the steps to procure the testimony of Anastasia McKinley, failing to present a defense, interfering with his right to testify, and cumulative error (Dkt. # 2 and 3).  The Washington Court of Appeals considered this ground for relief.  The court stated that to demonstrate ineffective assistance of counsel petitioner would need to show defense counsel's performance was deficient and the deficiency caused him prejudice.  This is a rewording of the proper standard of review.

In order to establish ineffective assistance of counsel, a petitioner must show that counsel's representation fell below an objective standard of reasonableness and that the deficient performance affected the result of the proceeding.  Strickland v. Washington, 466 U.S. 668, 686 (1984).  There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  Strickland, 466 U.S. at 689.  In order to demonstrate prejudice, the defendant must show there is a reasonable probability that but for counsel's unprofessional errors, the result would have been different.  Strickland, 466 U.S. at 694.

With regard to the testimony of Anastasia McKinley, the prosecutor placed her on the witness list and subpoenaed her.  Counsel reserved the right to call her and repeatedly sent an investigator to her apartment.  The investigator left his card asking that she contact the defense team, but she did not appear at trial or contact them.  Petitioner has failed to show counsel's performance was deficient.

In considering the defense theory argument the Court of Appeals held:

> Sherrill next argues that his attorney failed to present a defense theory.
> We note that Sherrill fails to present any case law supporting his proposition that
> failure to present a defense theory constitutes ineffective assistance of counsel.
> He cites one unpublished federal opinion that merely holds that the petitioner in
> that case was entitled to consideration of the issue on the merits.  Other case law

Report and Recommendation -19

about defense theories involves the attorney's failure to present a particular theory that was known and available to the attorney at trial and supported by evidence and the failure to raise that particular defense undermined the verdict. *See Foster v. Lockhart*, 9 F.3d 722 (8th Cir. 1993)(holding assistance was ineffective when defense attorney refused to investigate and present evidence that defendant in a rape trial was impotent and physically incapable of committing the crime as the accuser testified). Such is not the case here.

Even assuming that petitioner has a valid legal basis for his claim, he fails to demonstrate that his attorney did not present a defense theory. He cites her attorney's argument in which she asked for a continuance after learning that Parker would testify against Sherrill and asserted that she needed to rework her strategy. Counsel had prepared a defense theory that Parker was the shooter and this strategy would be unsuccessful if Parker testified as planned. Although Sherrill's attorney *changed* her defense theory, she did not decline to pursue any theory whatsoever, as Sherrill argues. Rather, her theory was that the State failed to meet its burden of proof because the two witnesses, Blockman and Parker, were not credible and the surveillance tape did not corroborate the testimony. Counsel also urged the jury to find Sherrill guilty of the lesser included offense, second degree assault, if anything. This was not ineffective assistance of counsel.

(Dkt. # 15, Exhibit 12).

When considering the argument that petitioner was prevented from testifying the court noted that Mr. Sherrill failed to produce anything other than his bare allegation in support of his claim. The court stated:

The sole basis of petitioner's claim is his assertion, in a supporting affidavit, that he repeatedly told his counsel that he wanted to testify and, at the case's closing, she replied, "no, they haven't proven their case." Declaration of Thurman Sherrill at 2. But petitioner's bare allegation that his counsel prevented him from testifying is insufficient to justify an evidentiary hearing or relief. He must also demonstrate that his claim is credible. *Robinson*, 138 Wn. 2d at 760 (discussing *State v. Thomas*, 128 Wn.2d 553 (1996) (holding that although a defendant who does not raise the issue at trial may later assert his counsel prevented him from testifying, the defendant must "produce more than a bare assertion that a right was violated; the defendant must produce substantial, factual evidence in order to merit an evidentiary hearing or other action." (Citations omitted).

(Dkt. # 15, Exhibit 12, pages 6 and 7). The court went on to note that counsel in this case did provide a declaration acknowledging that it would be defendant's prerogative to testify and that

Report and Recommendation -20

she would honor her client's wishes in that regard.  Counsel stated she advised Sherrill not to testify because it could expose him to impeachment and possible federal firearm charges (Dkt. # 15, Exhibit 12, pages 7 and 8).

The court also held that there was no error to accumulate and the doctrine was inapplicable to this case (Dkt. # 15, Exhibit 12, page 8).  The court has examined the record and concurs with the Washington State Court of Appeals decision.  Counsel's performance was not deficient and this ground for relief is without merit.  Counsel took reasonable steps to contact Anastasia McKinley, presented the theory that the state had failed to prove its case and the witnesses were not credible, and did not actually prevent petitioner from testifying, although she counseled him not to take the stand.  Counsel's performance did not fall below a reasonable objective standard.

The petition should be DENIED.  The third claim is procedurally barred and the first and second claims are without merit.

<u>CERTIFICATE OF APPEALABILITY</u>

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge.  A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003).  Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

Report and Recommendation -21

CONCLUSION

None of the grounds for relief have merit.  The petition should be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties shall have fourteen (14) days from service of this Report to file written

objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those

objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the

time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on May

14, 2010, as noted in the caption.

DATED this 21st day of April, 2010.

J. Richard Creatura
United States Magistrate Judge

Report and Recommendation -22