UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THURMAN SHERRILL,

                Petitioner,

    v.

PATRICK GLEBE,

                Respondent.

Case No. C09-5566RJB

ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING CERTIFICATE OF APPEALABILITY

      This matter comes before the court on the Report and Recommendation of the Magistrate Judge. (Dkt. 21); petitioner's Motion to Expand the Record/and Motion for an Evidentiary Hearing: Pursuant to Habeas Rule 7(a)(b) and 8(a) (Dkt. 23). The court has considered the relevant documents, including petitioner's objections to the Report and Recommendation (Dkt. 22), respondent's response to the objections (Dkt. 24), petitioner's reply (Dkt. 25), and the file herein.

      **1. Report and Recommendation.** On April 22, 2010, U.S. Magistrate Judge Richard J. Creatura issued a Report and Recommendation, concluding that (1) petitioner's claim regarding newly discovered evidence is unexhausted and procedurally barred, and, in any event, does not meet the standard for showing actual innocence; (2) his claim of ineffective assistance of counsel is without merit; and (3) his claim that his counsel denied him the right to testify in his own behalf is without merit. Dkt. 21.

      The court has carefully reviewed petitioner's objections and reply. Dkt. 22 and 25. Those objections are without merit. The court concurs with the analysis of the magistrate judge. Accordingly,

ORDER
Page - 1

the petition for writ of habeas corpus should be denied.

**2. Motion to Expand the Record and Motion for Evidentiary Hearing.** On May 7, 2010, petitioner filed a motion to expand the record and motion for an evidentiary hearing. Dkt. 23. Petitioner contends that newly discovered evidence warrants an evidentiary hearing. Petitioner retained a private investigator, Michael Crockett, to interview the victim, Mr. Blockman, who is currently incarcerated at Olympic Correction Center in Forks, Washington. Dkt. 23, at 7-11. Mr. Crockett stated in a declaration that he conducted a telephone interview with Mr. Blockman, who stated that petitioner was not the person who shot him; that Mr. Blockman stated that he does not know who shot him; that Detective Ringer instructed Mr. Blockman to say that petitioner was the shooter; and that Detective Ringer threatened Mr. Blockman that if he refused to name petitioner, Mr. Blockman would be facing Federal charges and would be incarcerated for a long time. Dkt. 23, at 8-9. Mr. Crockett stated that Mr. Blockman called him about a week later and informed Mr. Crockett that he would not sign a statement because "he was afraid of Detective Ringer and/or the Feds causing him any trouble." Dkt. 23, at 11.

It is unclear whether petitioner is asserting a free standing claim of actual innocence, or whether he is claiming that he was denied the opportunity to fully cross examine Mr. Blockman. In any event, the claim was unexhausted in state court: this "newly discovered evidence" is first asserted in Dkt. 23.

Federal habeas review is barred where the petitioner has not exhausted state remedies but the state's highest court would now find the claim to be procedurally barred. *Coleman v. Thompson*, 501 U.S. at 733; *Noltie v. Peterson*, 9 F.3d 802, 805 (9th Cir. 1993). Petitioner would now be precluded from exhausting his claim regarding Mr. Crockett's statement in state court because the claim is repetitive under RCW 10.73.140, and time barred under RCW 10.73.090. To obtain relief from the time bar, pursuant to RCW 10.73.100, based on newly discovered evidence, the petitioner must prove the evidence: (1) will probably change the result of the trial; (2) was discovered after the trial; (3) could not have been discovered before trial by the exercise of due diligence; (4) is material; and (5) is not merely cumulative or impeaching. *State v. Macon*, 128 Wn.2d 784, 800-802 (1996). The statement of Mr. Crockett is inadmissible hearsay. Petitioner's newly discovered evidence claim would therefore be time barred in state court.

When a state prisoner defaults on his federal claims in state court pursuant to an independent and

adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or show that failure to consider the claims will result in a fundamental miscarriage of justice by conviction of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750-751 (1991).

The statement of Mr. Crockett recites hearsay from Mr. Blockman; Mr. Blockman declined to sign a statement regarding what he had told Mr. Crockett over the telephone.  Mr. Blockman was thoroughly cross examined at trial. To succeed on an actual innocence claim, the prosecution must do more than simply point to alleged inadequacies in the prosecution's evidence.  *Renz v. Scott*, 28 F.3d 431, 432-33 (5th Cir. 1994).  To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. *Calderon v. Thompson*, 118 S.Ct. 1489, 1503 (1998)(citing *Schlup v. Delo*, 115 S.Ct. 851, 866 (1995)).  Impeachment evidence provides no basis for finding a miscarriage of justice. *Calderon v. Thompson*, 118 S.Ct. at 1504.  Petitioner has not shown that his unexhausted claim would excuse the procedural bar.  Petitioner's claim of newly discovered evidence, based upon the statement of Mr. Crockett, is without merit.  His motion to expand the record, apparently for purposes of raising a new claim for relief, should be denied.

Finally, petitioner is not entitled to an evidentiary hearing because he has not shown that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.  *See* 28 U.S.C. §2254(e)(2).  The hearsay statement of Mr. Crockett is insufficient to show that, but for a constitutional error (apparently regarding right to cross-examine Mr. Blockman), no reasonable fact finder would have found petitioner guilty of the underlying offense.

Petitioner's motion to expand the record and for an evidentiary hearing should be denied.

**3. Certificate of Appealability.**  The court concurs with the recommendation of the magistrate judge that a Certificate of Appealability should be denied. Because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(3).

ORDER
Page - 3

Therefore, it is hereby

**ORDERED** that petitioner's Motion to Expand the Record/and Motion for an Evidentiary Hearing: Pursuant to Habeas Rule 7(a)(b) and 8(a) (Dkt. 23) is **DENIED**.  The Report and Recommendation of the Magistrate Judge (Dkt. 21)is **ADOPTED**. The petition for writ of habeas corpus is **DENIED**.  A Certificate of Appealability is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 1st day of June, 2010.

/s/ Robert J. Bryan
Robert J. Bryan
United States District Judge